HIGHLANDS HOSPITAL CORPORA-
TION, INC. d/b/a Highlands
Regional Medical Center, Plaintiff,

v.

DISTRICT 1199 WV/OH NATIONAL UN-
ION OF HOSPITAL AND HEALTH
CARE EMPLOYEES, AFL–CIO, Defen-
dant.

Civ. A. No. 89–139.

United States District Court,
E.D. Kentucky, Pikeville.

Feb. 7, 1990.

Andrew J. Russell, Smith & Smith, Louis-
ville, Ky., for plaintiff.

James R. Hampton, Hazard, Ky., for de-
fendant.

FORESTER, District Judge.

This action is pending on the parties'
cross motions for summary judgment.
This action is brought to vacate an arbitra-
tion award rendered in an arbitration pro-
ceeding between the parties and arises un-
der § 301 of the Labor Management Rela-
tions Act of 1947, 29 U.S.C. § 185 (1947),
and § 10 of the United States Arbitration
Act, 9 U.S.C. § 10 (1947). Jurisdiction is
conferred upon this Court pursuant to 29
U.S.C. § 185 and 9 U.S.C. § 10. The spe-
cific issue before this Court concerns the
appropriateness of the standard of proof
applied by the arbitrator during an arbitra-
tion proceeding.

FACTUAL BACKGROUND

Licensed Practical Nurse Ilene Van
Hoose was discharged from Highlands
Hospital Corporation, Inc. d/b/a Highlands
Regional Medical Center, ["Medical Cen-
ter"] on July 12, 1988. Her discharge was
based on the Medical Center's claim that
she deliberately contaminated a bottle of
infant formula with human blood. Upon
filing a grievance under the grievance and
arbitration provisions of the applicable col-
lective bargaining agreement, the parties

attempted to resolve the dispute. Unable to reach an acceptable resolution, the issue was taken before an arbitrator, selected in accordance with the collective bargaining agreement ["agreement"]. The hearing that followed was held in Paintsville, Kentucky, on March 2, 1989. In his findings the arbitrator found the Medical Center lacked good cause when it dismissed the grievant, stating:

"[H]owever, [the evidence] is not sufficient to be able to say conclusively that this was the case and that there was no blood in the formula bottle at 6:30 a.m. It follows that at least two other parties had the opportunity to place the blood in the formula during the relevant times. Since there are alternate explanations as to the way in which the blood came into the bottle to that which was adopted by the company and which led to the Grievant's discharge[,] I must conclude that the evidence does not show conclusively that the Grievant was responsible for the blood in the bottle. It follows that the Company did not have just cause to discharge her. Therefore, the Grievance should be granted."

The plaintiff contends the word "conclusively," as used in the arbitrator's finding, shows an unacceptably high burden was placed on the plaintiff to justify discharge of the grievant from her position with the Medical Center. The plaintiff further contends this award impaired the express contractual rights of the Medical Center by narrowing the grounds for which an employee might be discharged. Therefore, the plaintiff seeks vacation of the arbitrator's award.

The defendant seeks to have the award enforced, arguing the arbitrator's award draws its essence from the parties' collective bargaining agreement, and is not subject to further review by the court.

### Summary Judgment

The Federal Rules of Civil Procedure provide that a party is entitled to a summary judgment, upon motion, if "there is no genuine issue of material fact and ... the moving party is entitled to a summary judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a motion for summary judgment is supported by the moving party, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

The United States Supreme Court has noted that Rule 56(c)

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The summary judgment standard "mirrors" the directed verdict standard of Rule 50(a). Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

A party must support its motion for summary judgment by directing the court to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a genuine issue as to a material fact. Fed.R.Civ.P. 56(c). However, the moving party does not need to support its motion by "negating the opponent's claim." Celotex, 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis in original). Although the moving party has the burden of showing conclusively that no genuine issue of material fact exists, all facts and inferences must be viewed in a light most favorable to the nonmoving party.

Moreover, a nonmoving party must rely on more than its pleadings to counter a supported motion for summary judgment:

In cases ... where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on "the pleadings, depositions, an-

swers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

We do not mean that a nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

*Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

The *Celotex* court affirms that "nonmoving parties must fulfill their burden of production" once the moving party has met its burden of production. "The Supreme Court—Leading Cases," 100 *Harv.L.R.* 100, 252 (1986). Furthermore, once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Where the nonmoving party fails to meet its burden, federal courts are prompted to grant summary judgment motions more often. 100 *Harv. L.R.* at 252.

■ Finally, a nonmoving party cannot merely rely on an allegation that a jury may not believe the moving party's witnesses in order to avoid a summary judgment:

> As we have recently said, "discredited testimony is not [normally] considered a sufficient basis for drawing a contrary conclusion. . . ." Instead, the plaintiff

must present affirmative evidence to defeat a properly supported motion for summary judgment.

*Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514 (citation omitted). *See also* 100 *Harv. L.R.* 100, 254 & n. 38.

## THE ARBITRATOR'S AWARD DOES NOT CONSTITUTE ERROR SUBJECT TO REVIEW BY THE COURT

■ In cases where terms of a collective bargaining agreement are subject to various interpretations, an arbitrator has the right and obligation to interpret and give meaning to an ambiguous contract term. *Int'l Assoc. of Machinists and Aerospace Workers, Dist. No. 145 v. Modern Air Transp., Inc.*, 495 F.2d 1241, 1245 (5th Cir.1974), *cert. denied*, 419 U.S. 1050, 95 S.Ct. 626, 42 L.Ed.2d 644 (1974). Likewise, the Supreme Court has held that an arbitrator's view of the contract is entitled to great deference by reviewing courts. *United Paperworkers Int'l Union, AFL–CIO, v. Misco. Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

By agreeing to resolve their dispute through arbitration, the parties to this action agreed to accept the arbitrator's, not a court's, view of the facts and interpretation of the contract. As the Supreme Court stated:

> The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract (citations omitted) . . .
> If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined.

*Id.* 108 S.Ct. at 371. *See also United Steelworkers of Am. v. Ent. Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

The Supreme Court has ruled that the role of courts in reviewing arbitration awards is extremely limited:

> [A]s long as the arbitrator is even arguably construing or applying the contract

and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. *Misco,* 108 S.Ct. at 371.

■ By the authority granted to him by the terms of the collective bargaining agreement, the arbitrator in this case determined that the evidence presented by the Medical Center was not sufficient to support a ruling that the Medical Center acted just in discharging Van Hoose. The plaintiff, in its memorandum supporting its motion for summary judgment, relies on the Sixth Circuit's holding in *Firemen and Oilers Local No. 935–B v. The Nestle Company, Inc.,* 630 F.2d 474 (6th Cir.1980). The plaintiff claims an arbitrator exceeds his authority under the contract if he does not recognize and enforce the employer's right to take disciplinary action as that right is guaranteed by the collective bargaining agreement. Article VI, section 7, of the parties' collective bargaining agreement clearly states that the role of the arbitrator is judicial in nature with his duty being to decide whether the Medical Center has acted capriciously or in bad faith. In the case at hand the arbitrator did not exceed his authority, rather he merely found that based on the evidence presented the Medical Center lacked cause to justify Van Hoose's dismissal. The arbitrator noted several plausible explanations existed for the presence of blood in the Enfamil formula, and therefore found the Medical Center could not support its claim that Van Hoose was discharged for cause. Such a determination was entirely within the arbitrator's authority, and in no way interfered with the Medical Center's ability to discipline its employees for just cause. The court will not disturb his findings and conclusions.

■ The Sixth Circuit, "mindful of the Supreme Court's admonition in" *Misco,* accords "the utmost deference to arbitral decisions in labor disputes." *Agipcoal USA, Inc. v. Int'l Union, UMWA,* 877 F.2d 62 (6th Cir.1989) (per curiam) (unpublished). The arbitrator's legal determinations regarding the standard required to be met by the plaintiff in this action are not violative of the terms of the bargaining agreement, and are entitled to as much deference by the district court as his factual findings. "If there is any basis for the Arbitrator's construction of the collective bargaining agreement the Court lacks authority to alter the Arbitrator's determination." *Morgan Serv., Inc. v. Local 323, Amalgamated Clothing and Textile Workers Union,* 724 F.2d 1217 (6th Cir.1984). Consequently, this court will "not sit to hear claims of factual or legal error by an arbitrator." *Misco,* 108 S.Ct. at 370.

## CONCLUSION

The Court's review of the plaintiff's claim that the arbitrator exceeded his authority under the terms of the collective bargaining agreement requires the Court to conclude that the plaintiff has failed to pose a genuine issue of material fact. For the foregoing reasons, the arbitrator's decision is not subject to review of this court because it did not depart from the letter and spirit of the parties' collective bargaining agreement.

Therefore, in accordance with the foregoing Memorandum opinion, a Summary Judgment will be entered contemporaneously herewith in favor of the defendant.

## SUMMARY JUDGMENT

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby ORDERED:

1) that the defendant's motion for summary judgment is GRANTED, and summary judgment is entered in favor of the defendant;

2) that this matter is DISMISSED WITH PREJUDICE;

3) that this is a final and appealable order, and there is no just cause for delay; and

4) that this matter is STRICKEN from the docket.